

RECEIVED
IN LAKE CHARLES, LA
JAN 12 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHLOECILLE GEORGE** | * | **CIVIL ACTION NO. 2:15 -CV-02611** |
| v. | * | **JUDGE WALTER** |
| **SYSMEX AMERICA, INC.** | * | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 14) filed by the defendant Sysmex America, Inc (Sysmex). The plaintiff Chloecille George did not file a timely Response to the motion. For the following reasons, the Motion for Summary Judgment (Rec. Doc. 14) will be **GRANTED** the plaintiff's case will be **DISMISSED WITH PREJUDICE.**.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed suit against Sysmex after being injured in an alleged trip and fall at Lake Charles Memorial Hospital. At the time, Sysmex was installing laboratory equipment at the hospital. In her complaint, the plaintiff alleges that she fell on pieces of wood that an agent of Sysmex left on the floor. The plaintiff sued Sysmex under a negligence theory.

Sysmex moved for summary judgment (Rec. Doc. 14), arguing that any hazard was open and obvious and that Sysmex was not negligent. In support of its motion for summary judgment, Sysmex submitted an affidavit from its technician who installed the equipment on the day of the injury.[1] The technician does not remember any wood being placed on the floor or any injury occurring that day.[2] The technician also explained that wood would not be used to transport the

---

[1] Affidavit of Stanley Rolon (Rec. Doc. 14-4).

[2] Affidavit of Stanley Rolon (Rec. Doc. 14-4), ¶¶ 4-5.

1

equipment installed that day, and if wood was used, the moving company, and not Sysmex, would be responsible for removing it.[3] The plaintiff filed no response to Motion for Summary Judgment, despite the court *sua sponte* granting her additional time to do so.[4]

## LAW & ANALYSIS

A grant of summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Under Rule 56, summary judgment must be entered against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375–76 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). When ruling on a motion for summary judgment, the district court draws all reasonable inferences in favor of the nonmoving party. *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008). However, in the absence of proof, the court will not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

While Sysmex does not have the burden of proof, it has presented affirmative evidence that wood was not on the floor the day of the accident and that no accident took place.[5] The plaintiff has not presented any evidence to support her claim. The plaintiff has the burden of proof, and therefore, she must show that a reasonable jury could return a verdict for her. By failing to present evidence or respond, the plaintiff has not met her burden. Accordingly,

---

[3] Affidavit of Stanley Rolon (Rec. Doc. 14-4), ¶¶ 6-7.
[4] Order (Rec. Doc. 16).
[5] *See* Affidavit of Stanley Rolon (Rec. Doc. 14-4).

Sysmex's Motion for Summary Judgment (Rec. Doc. 14) will be **GRANTED**, and the plaintiff's case will be **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this /2 day of January, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3